UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PROFIT J. FINCH, # 308703, | ) | Civil Action No.: 4:11-cv-0858-JMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| McCORMICK CORRECTIONAL | ) | |
| INSTITUTION; WARDEN RUSHTON; | ) | |
| ASSISTANT WARDEN CARTLEDGE; | ) | |
| CAPTAIN BUSH, MS. RILEY, CASE | ) | |
| WORKER; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.      INTRODUCTION**

Plaintiff, who is proceeding pro se, is an inmate in the custody of the South Carolina Department of Corrections (SCDC), and is housed at the Stevenson Correctional Institution (SCI). At all times relevant to the allegations in his Complaint, Plaintiff was house at the McCormick Correctional Institution (MCI). Plaintiff appears to bring this action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act (RA), 29 U.S.C. § 791, et seq. Presently before the Court is Defendants' Motion for Summary Judgment (Document # 45). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because these motions are potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

**II.     FACTUAL ALLEGATIONS**

Plaintiff alleges that upon his arrival at MCI in October of 2005, he was still recovering from

injuries he received in a car accident. He had suffered two broken legs, a broken neck and other head and back injuries. He was assigned a top bunk although he was not in a condition to be able to climb to a top bunk. Upon arriving at Reception and Evaluation, he informed Defendant Riley of his injuries and that he needed to be assigned to a bottom bunk, but she did not reassign him. Plaintiff subsequently fell from the top bunk and suffered significant injuries and aggravated the pre-existing injuries that he had received in the car accident. Plaintiff alleges that Defendants' actions violated his rights as a disabled person because they failed to make reasonable accommodations for his disability. Complaint p. 3. Plaintiff filed this action on April 13, 2011. He seeks $50,000, court costs, and injunctive relief to be placed in a bottom bunk.

Defendant presents evidence which reveals that Plaintiff was first assigned to MCI on May 16, 2005. He is currently assigned to SCI and a bottom bunk. Stokes Affidavit and Classification Summary Report (attached as Exhibits to Defendants Motion).

## III. STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably

find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV. DISCUSSION

Defendant argues that, under any legal theory raised by Plaintiff, his claims are barred by the applicable statute of limitations. The ADA and the Rehabilitation Act do not contain a specific limitation period. When a federal statute contains no limitations period, Congress has directed courts to borrow the most appropriate state statute of limitations to apply to the federal claim. 42 U.S.C. § 1988; McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 129 (4th Cir. 1994) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1986)). In the recent decision in Cockrell v. Lexington County School District One, C.A. No. 3:11-CV-2042-CMC, 2011 WL 5554811 (D.S.C. Nov. 15, 2011), this court addressed the applicable statutes of limitations in ADA and Rehabilitation Act cases and applied

the one-year statute of limitations found in the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13-10, et. seq. The Cockrell court noted that

> The Fourth Circuit has held that claims brought under Section 504 of the Rehabilitation Act are governed by the limitations periods set forth in state laws prohibiting discrimination on the basis of disability. Wolsky v. Med. Coll. of Hampton Roads, 1 F.3d 222, 225 (4th Cir.1993) (finding that one year statute of limitations provided by the Virginia Human Affairs Law was most analogous statute for claim brought under the Rehabilitation Act). In employment discrimination cases, the Fourth Circuit has found SCHAL most analogous. Moore v. Greenwood Sch. District No. 52, 195 Fed. Appx. 140, 2006 WL 2385268 (4th Cir. Aug.18, 2006) (applying one-year limitations period found in SCHAL to a Title IX claim for employment discrimination because SCHAL was most analogous). In a case involving disability access to a South Carolina Department of Motor Vehicles ("DMV") office, this court found that the one-year limitations from the SCHAL applied to plaintiffs' Rehabilitation Act claim. Childers v. County of York South Carolina, No. 0:06–897, 2008 WL 552879 (D.S.C. Feb.26, 2008). See also Vandeusen v. Adams, No. 3:06–1092, 2007 WL 2891502 (D.S.C. July 31, 2007) (applying one-year statute of limitations to Rehabilitation Act claim based on lack of disability access at DMV office).

Cockrell, 2011 WL 5554811, *11.[1] Because the events giving rise to this action occurred in May of 2005, Plaintiff's claims under the ADA and the Rehabilitation Act are barred by the one-year statute of limitations.

Plaintiff also mentions deliberate indifference in his Complaint. To the extent Plaintiff raises a claim under 42 U.S.C. § 1983, it is barred by the statute of limitations as well. Like the ADA and the Rehabilitation Act, section 1983 also lacks an express limitations period. To determine the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d

---

[1] The Cockrell court further stated that either a 180-day or one year statute of limitations period was applicable to claims under Title II of the ADA, but it need not decide between the two since Plaintiff's claim would be barred under either period. Cockrell, 2011 WL 5554811, *12.

645 (2004); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. S.C.Code Ann. § 15–3–530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." Hamilton v. Middleton, No. 4:02–1952–23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); see also Hoffman v. Tuten, 446 F.Supp.2d 455, 459 (D.S.C.2006). Plaintiff's claims also falls outside this three year statute of limitations. Therefore, summary judgment is appropriate.[2]

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 45) be granted and this case be dismissed in its entirety as barred by the applicable statutes of limitation. If this recommendation is accepted by the district judge, all other pending motions will be moot.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 15, 2012  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[2] In his Response (Document # 50) to Defendants' Motion for Summary Judgment filed January 19, 2012, Plaintiff addresses the merits of his claim but does not address Defendants' statute of limitations argument. At the end of his Response, Plaintiff asserts that he needs more time to prepare his case since he is pro se. Plaintiff filed a Supplemental Response (Document # 55) on February 7, 2012, in which he again fails to address the statute of limitations argument but states that, if his case is subject to dismissal, he would like additional time to prepare his case. Plaintiff has had sufficient time to address the arguments raised in Defendants' Motion for Summary Judgment, which was filed December 13, 2011.